UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MCDANIELS,<br>　　Plaintiff,<br>　v.<br>CEDRIC HARDIN,<br>　　Defendant. | Case No. 18-cv-06274-DMR<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Plaintiff Gabriel McDaniels filed an application for leave to proceed *in forma pauperis* ("IFP"). On October 17, 2018, the court granted Mr. McDaniels's IFP application and noted that it would determine the issuance of summons and service separately. [Docket No. 4.] Having considered Mr. McDaniels's papers, the court finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Mr. McDaniels must file a first amended complaint that addresses the deficiencies identified in this screening order by **November 9, 2018**.

**I.　DISCUSSION**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court's grant of Mr. McDaniels's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the

filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

The allegations in Mr. McDaniels's complaint are sparse. He appears to allege that Defendant Cedric Hardin "trespass[ed] upon [his] property . . . by way of the use of a forged Instrument." Compl. He further alleges that the trespass "began on April 10, 2017" and "continues to this day." *Id.* The complaint contains no additional facts about the alleged trespass.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

2

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Mr. McDaniels's complaint does not comply with Rule 8 because it does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint also fails to state a claim upon which relief can be granted because Mr. McDaniels does not sufficiently allege a claim for trespass. "Trespass to property is the unlawful interference with its possession." *Elton v. Anheuser-Busch Beverage Grp., Inc.*, 50 Cal. App. 4th 1301, 1306 (1996) (quotation omitted). Mr. McDaniels does not identify the property at issue, allege that he has possession of the property, or allege facts about Defendant Hardin's "unlawful interference" with the property.

Further, it appears that this court lacks jurisdiction over this matter. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under "the Constitution, laws, or treaties of the United States." Mr. McDaniels's sole claim appears to be a claim for trespass, which arises under state law.

It also appears that the requirements of diversity jurisdiction are not satisfied. Federal diversity jurisdiction requires that (1) there is complete diversity of citizenship between the parties—"each defendant must be a citizen of a different state from each plaintiff," *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008), and (2) a claim for

damages in excess of $75,000.00. 28 U.S.C. § 1332(a). Mr. McDaniels alleges that "compensation [is] due" in the amount of $200,000 and he appears to be a resident of Oakland, California. However, the complaint is silent as to the citizenship of Defendant Hardin.

## II. CONCLUSION

For the reasons above, the court finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Mr. McDaniels must file a first amended complaint addressing the deficiencies identified in this order by **November 9, 2018.** If he does not file a timely first amended complaint, the court will recommend that his action be dismissed.

The court refers Mr. McDaniels to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED**.

Dated: October 26, 2018



DONNA M. RYU
United States Magistrate Judge

4